**In the Matter of R.A.G.**

**No. D–4031.**

Supreme Court of Texas.

Nov. 24, 1993.

Rehearing Overruled Jan. 5, 1994.

Wesley H. Stewart, Denton, for petitioner.

Tom O'Connell, Judy A. Millsap, Laurie Ewing, McKinney, for respondent.

## OPINION

HECHT, Justice.

R.A.G., a juvenile, stands accused by the State of Texas of three offenses: capital murder, solicitation of capital murder, and attempted capital murder. On the State's petition, the juvenile court waived exclusive jurisdiction over the child and ordered the case transferred to criminal district court so that R.A.G. can be tried as an adult. In its order, the juvenile court found that there was probable cause to believe that R.A.G. had "committed the *offense* [singular] of capital murder, attempted capital murder, *or* [disjunctive] solicitation of capital murder". (Emphasis added.) The court of appeals affirmed. 1993 WL 106936.

R.A.G. contends that the juvenile court erred in waiving jurisdiction without finding probable cause to believe that he had committed each offense charged by the State. We agree. Before a juvenile court waives its jurisdiction and orders a case transferred to criminal court, the juvenile court must find "that there is probable cause to believe that [the juvenile] committed the offense alleged." TEX.FAM.CODE § 54.02(a)(3). If the State's petition charges multiple offenses, the juvenile court must expressly dispose of each. *Richardson v. State,* 770 S.W.2d 797, 799 (Tex.Crim.App.1989); *see Mason v. State,* 778 S.W.2d 487, 488 (Tex.App.—Houston [14th Dist.] 1989, no pet.). It can transfer only those which it finds probable cause to believe were committed, and must dismiss the others. *See Turner v. State,* 796 S.W.2d 492, 494–95 (Tex.App.—Dallas 1990, no writ). If the juvenile court fails to state on the record its disposition of a particular charge, the reviewing court cannot presume that the lower court determined not to exercise its jurisdiction as to that charge. *Richardson,* 770 S.W.2d at 799. In such case, the juvenile court retains jurisdiction over all offenses alleged by the petition, and the transfer order may be set aside. *Id.; see Turner,* 796 S.W.2d at 494–95.

The State argues that transfer should be allowed upon a finding of probable cause for

any offense alleged. Were this the rule, once the juvenile court found probable cause for a less serious offense, it could order the entire case transferred without making the finding for each offense as mandated by statute for protection of the juvenile. For this reason we decline to accept the State's argument.

Inasmuch as the juvenile court in this case failed to find that probable cause exists to believe that R.A.G. committed each offense, the Court grants petitioner's application for writ of error, reverses the judgment of the court of appeals, vacates the order of the juvenile court, and remands the case to the juvenile court for further proceedings consistent with this opinion. On remand, the juvenile court is free to reconsider the State's petition, to transfer some charges and dismiss others, or to transfer all charges to the criminal district court. Petitioner's complaints regarding the issuance and service of summons were correctly resolved by the court of appeals. We need not address petitioner's other complaints regarding the trial court's refusal to close its proceedings to the public.

DOGGETT, J., concurs.

DOGGETT, Justice, concurring.

I join in the Court's opinion and write separately to ensure that the last sentence thereof is not misconstrued. R.A.G., the accused juvenile, argues that the trial court acted arbitrarily in allowing the press to be present at a hearing concerning his certification to stand trial as a adult, while excluding the public. The court of appeals properly concluded that the trial court did not abuse its discretion in permitting the attendance of the press. *1993 WL 106936*. The instant challenge to that decision concerns solely whether the press should have been excluded, not whether the public should have been included. Today's opinion should not, therefore, be read as a comment on the propriety of excluding the public from such hearings nor on the constitutionality of section 54.08 of the Texas Family Code. *See, e.g.,* Susan S. Greenebaum, *Conditional Access to Juvenile Court Proceedings: A Prior Restraint or a Viable Solution?*, 44 J. URBAN & CONTEMP.L. 135, 161 (1993) ("The policy arguments for

keeping juvenile proceedings [confidential] are laudable.... [but] the public has a right to know about crimes committed by juvenile offenders."); *State ex rel. Oregonian Publishing Co. v. Deiz,* 289 Or. 277, 613 P.2d 23, 27 (1980) (noting that "the public has a right of access co-extensive with the press," in finding unconstitutional the application of a statute to exclude the press from juvenile proceedings).