E.J.S. 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00047-CV







In the Matter of E. J. S.









FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-12,487, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







PER CURIAM


 E.J.S. appeals from the order waiving juvenile court jurisdiction over the offenses
charged against him and transferring him to the criminal district court of Travis County for trial
as an adult. Appellant contends by two points of error that the juvenile court erred in waiving
jurisdiction over him. We will affirm the waiver and transfer of jurisdiction.

 The First Amended Original Petition For Waiver of Jurisdiction and Discretionary
Transfer to Criminal District Court details the charges pending against E. J. S. The State accuses
him of killing a man and shooting a second in the course of separate robberies on the same
evening. The State charges E. J. S. with capital murder, two counts of murder, attempted capital
murder, two counts of aggravated robbery, and aggravated assault with a deadly weapon.

 After hearing the evidence, the court waived its jurisdiction and transferred the case
to the criminal trial court. 

 E. J. S. raises two points of error against technical aspects of the waiver. He
contends that the juvenile court did not find probable cause to believe he had committed each
offense. He also complains that the court erred by not specifying its reasons for waiving
jurisdiction in its order. In neither point does he contend that the court's findings were erroneous.

 The Family Code requires the juvenile court to make several findings before it can
waive and transfer jurisdiction. See Tex. Fam. Code Ann. § 54.02 (West 1986 & Supp. 1995). 
The court can waive and transfer the case if the child allegedly committed a felony, the child was
fifteen years or older when committing the alleged offense, a full investigation shows that
probable cause exists to believe that the child committed the alleged offenses, and the seriousness
of the offenses or the background of the child requires criminal proceedings to benefit the welfare
of the community. Tex. Fam. Code Ann. § 54.02(a) (West Supp. 1995). 

 The juvenile court must expressly deal with each offense alleged when considering
a motion for waiver and transfer. In re R.A.G., 866 S.W.2d 199, 199 (Tex. 1993). The court
must find probable cause to believe that the juvenile committed a charged offense; if multiple
offenses are charged, the court must expressly dispose of each. Id. The court can transfer only
those charges which it finds probable cause to believe were committed, and must dismiss the
others. Id. If the juvenile court fails to state on the record its disposition of a particular charge,
we cannot presume it determined not to exercise jurisdiction over that charge; we must vacate the
transfer order and remand the case to the juvenile court. Id.

 In R.A.G., the juvenile was charged with three offenses. Id. at 200. The supreme
court vacated the transfer order and remanded the cause because the juvenile court failed to find
probable cause as to each. The juvenile court found "probable cause to believe that R.A.G. had
`committed the offense [singular] of capital murder, attempted capital murder, or [disjunctive]
solicitation of capital murder.'" (Emphasis and bracketed information added by supreme court.) 
Id. at 199. The supreme court vacated the order because the disjunctive terminology might have
masked a finding of probable cause to believe the commission of only one of the charges, possibly
the least serious offense. Id. at 200. The court refused to allow the transfer of all of the offenses
without a clear finding of probable cause as to each offense. Id.

 We need not vacate the order in this case because the court below found probable
cause to believe that the appellant "committed the offenses alleged in the First Amended Original
Petition For Waiver of Jurisdiction and Discretionary Transfer to Criminal District Court." The
court's use of the plural distinguishes its order from the vacated R.A.G. order. Nothing in this
quoted statement or elsewhere in the order detracts from the conclusion that the court found
probable cause to believe that E. J. S. committed each of the offenses charged. We overrule point
one.

 The appellant complains that the court failed to specifically state the reasons for its
waiver of jurisdiction as required by Tex. Fam. Code Ann. § 54.02(h) (West Supp. 1995). The
court made findings regarding the six factors that the court must consider when determining the
appropriateness of waiver. See Tex. Fam. Code Ann. § 54.02(f) (West 1986). The court's
findings tracked the statutory language; for example, on the issue of whether the offenses were
offenses against persons or property, the court simply wrote, "The court finds that the alleged
offenses were crimes against persons." The appellant complains that these findings were too
general, relying on the Supreme Court's rejection of a waiver order in which the court stated only
that "after full investigation, I do hereby waive jurisdiction of the petitioner." Kent v. United
States, 383 U.S. 541, 546 (1966).

 We hold that the court's findings were sufficiently specific. The order must be
specific enough to allow us to understand and review the reasons for the juvenile court's waiver
determination. Casiano v. State, 687 S.W.2d 447, 449 (Tex. App.--Houston [14th Dist.] 1985,
no writ). Though more specific findings could be made, we do not need more specifics to
understand and review the above-quoted finding regarding the nature of the crime. The findings
here are more specific than the general statement rejected in Kent and are sufficiently specific to
notify us of the basis for the court's decision. We overrule point two.

 We affirm the waiver and transfer of jurisdiction.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: November 8, 1995

Do Not Publish



e child allegedly committed a felony, the child was
fifteen years or older when committing the alleged offense, a full investigation shows that
probable cause exists to believe that the child committed the alleged offenses, and the seriousness
of the offenses or the background of the child requires criminal proceedings to benefit the welfare
of the community. Tex. Fam. Code Ann. § 54.02(a) (West Supp. 1995). 

 The juvenile court must expressly deal with each offense alleged when considering
a motion for waiver and transfer. In re R.A.G., 866 S.W.2d 199, 199 (Tex. 1993). The court
must find probable cause to believe that the juvenile committed a charged offense; if multiple
offenses are charged, the court must expressly dispose of each. Id. The court can transfer only
those charges which it finds probable cause to believe were committed, and must dismiss the
others. Id. If the juvenile court fails to state on the record its disposition of a particular charge,
we cannot presume it determined not to exercise jurisdiction over that charge; we must vacate the
transfer order and remand the case to the juvenile court. Id.

 In R.A.G., the juvenile was charged with three offenses. Id. at 200. The supreme
court vacated the transfer order and remanded the cause because the juvenile court failed to find
probable cause as to each. The juvenile court found "probable cause to believe that R.A.G. had
`co