916 S.W.2d 532 (1995)
In re J.J., Appellant.
No. 05-95-00558-CV.
Court of Appeals of Texas, Dallas.
November 30, 1995.
*533 Jane M. Corley, Corley & Corley, L.L.P., Dallas, for appellant.
April E. Smith, Assistant District Attorney, Dallas, for appellee.
Before LAGARDE, OVARD and WRIGHT, JJ.

OPINION
WRIGHT, Justice.
Appellant appeals the trial court's discretionary transfer of appellant to stand trial as an adult in criminal district court for a state jail felony. In two points of error, appellant asserts: (1) a state jail felony is not a felony as that term is used in section 54.02(a)(1) of the family code;[1] and (2) there was insufficient evidence to support the trial court's discretionary transfer of appellant to criminal district court. We overrule appellant's points of error and affirm the trial court's judgment.

BACKGROUND
The State filed a motion for discretionary transfer asserting appellant had committed two felony grade offenses: (1) aggravated robbery and (2) possession of cocaine. The subject offenses were alleged to have occurred on January 16, 1995appellant's fifteenth birthday. After conducting a hearing on the State's motion, the trial court waived jurisdiction over appellant and the offenses set forth in the motion, and transferred the matters to criminal district court.

I. IS A STATE JAIL FELONY A FELONY GRADE OFFENSE?
In his first point of error, appellant asserts the trial court erred in transferring jurisdiction over the possession of cocaine charge because the offense was a state jail felony.[2] Appellant takes the position that a *534 state jail felony is not a felony within the scope of section 54.02(a)(1) of the family code. The State responds that a state jail felony is a felony grade offense. The State takes the position that the only distinction between a state jail felony and an "ordinary" felony is the available range of punishment.

A. Applicable Law
Appellant's first point of error is largely based on section 54.02(a) of the family code which provides:
(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:
(1) the child is alleged to have violated a penal law of the grade of felony;

(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and
(3) after full investigation and hearing the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.
TEX.FAM.CODE ANN. § 54.02(a) (Vernon Supp. 1995) (emphasis added).
Cocaine is a penalty group one substance. TEX.HEALTH & SAFETY CODE ANN. § 481.102(3)(D) (Vernon 1992). Possession of less than one gram of a penalty group one substance is a state jail felony. TEX.HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon Supp.1995). A state jail felony is punishable by "confinement in a state jail for any term of not more than two years or less than 180 days." TEX.PENAL CODE ANN. § 12.35(a) (Vernon 1994). In addition to confinement, a state jail felony may be punished by a fine not to exceed $10,000. TEX.PENAL CODE ANN. § 12.35 (Vernon 1994).
In Texas, criminal offenses are classified as either felonies or misdemeanors. See TEX.PENAL CODE ANN. § 12.04 (Vernon 1994).
(a) Felonies are classified according to the relative seriousness of the offense into five categories:
(1) capital felonies;
(2) felonies of the first degree;
(3) felonies of the second degree;
(4) felonies of the third degree; and
(5) state jail felonies.
TEX.PENAL CODE ANN. § 12.04(a) (Vernon 1994).

B. Application of Law to Facts
Appellant asserts the trial court abused its discretion in transferring the possession of cocaine charge against him to criminal district court because a state jail felony is not a sufficiently serious offense. While it is true that a state jail felony is the least serious grade of felony in Texas, it is nonetheless a felony. Had the Texas Legislature intended to exclude state jail felonies from the scope of section 54.02(a), it could have done so expressly. It did not do so. A state jail felony is still a felony grade offense which falls squarely within the scope of section 54.02(a) of the family code. Therefore, the fact that a state jail felony is classified as the least serious felony offense in Texas does not deprive a juvenile court of its discretion to independently determine the seriousness of every offense before transferring such a charge to criminal district court.
We overrule appellant's first point of error.

II. SUFFICIENCY OF THE EVIDENCE
In his second point of error, appellant asserts the trial court erred in waiving its exclusive jurisdiction over the possession of cocaine charge because there was legally and factually insufficient evidence to support the transfer. Specifically, appellant asserts the evidence was insufficient to show that appellant posed a threat to the community or that *535 the possession of cocaine offense was sufficiently serious.[3]

A. Applicable Law
In order to waive its jurisdiction over a juvenile, a juvenile court must find that there is probable cause to believe the juvenile committed the offense alleged. TEX. FAM.CODE ANN. § 54.02(a)(3); In re R.A.G., 866 S.W.2d 199, 199 (Tex.1993). If multiple offenses are alleged, the juvenile court must find probable cause as to each offense it transfers. In re R.A.G., 866 S.W.2d at 199. A juvenile court may not maintain jurisdiction over some offenses alleged in a petition and transfer other offenses alleged in the petition. In re R.A.G., 866 S.W.2d at 199.
In making the determination required by family code section 54.02(a), the court must consider, among other matters, the following:
(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;
(2) whether the alleged offense was committed in an aggressive and premeditated manner;
(3) whether there is evidence on which a grand jury may be expected to return an indictment;
(4) the sophistication and maturity of the child;
(5) the record and previous history of the child; and
(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.
TEX.FAM.CODE ANN. § 54.02(f) (Vernon 1986). While the trial court is required to consider each of the six factors set forth in section 54.02(f), it need not find that each of the six factors is established in order to transfer jurisdiction. C___ W___ v. State, 738 S.W.2d 72, 75 (Tex.App.-Dallas 1987, no writ); In re J.S.C., 875 S.W.2d 325, 329 (Tex.App.-Corpus Christi 1994, writ dism'd by agr.). The trial court is not required to give equal weight to each of the factors, so long as each is considered. In re C.C.G., 805 S.W.2d 10, 15 (Tex.App.-Tyler 1991, writ denied).
Appeals from discretionary transfer orders are generally treated the same as other civil appeals. TEX.FAM.CODE ANN. § 56.01(a), (b) (Vernon 1986 & Supp.1995); In re T.D., 817 S.W.2d 771, 773 (Tex.App.-Houston [1st Dist.] 1991, writ denied). Thus, the evidentiary standards applied in civil cases are applied to discretionary transfer appeals. See C____ W___ 738 S.W.2d at 75; In re T.D., 817 S.W.2d at 773-74. However, the ultimate question is whether the trial court abused its discretion. See C___ W___, 738 S.W.2d at 75; In re J.S.C., 875 S.W.2d at 326; In re T.D., 817 S.W.2d at 774.
When reviewing no evidence points, we consider only the evidence and inferences that tend to support the finding and disregard all evidence and inferences to the contrary. Responsive Terminal Sys., Inc. v. Boy Scouts of Am., 774 S.W.2d 666, 668 (Tex.1989). We must consider the evidence in the light most favorable to the factfinder's determination. See Havner v. E-Z Mart Stores, Inc., 825 S.W.2d 456, 458 (Tex.1992). It is not within our power to second guess the factfinder unless only one inference can be drawn from the evidence. Havner, 825 S.W.2d at 461. If there is more than a scintilla[4] of evidence to support the finding, the no evidence challenge fails. See Stafford v. Stafford, 726 S.W.2d 14, 16 (Tex.1987).
In reviewing factual insufficiency points, we review all of the evidence in the record, including any evidence contrary to the verdict. Plas-Tex., Inc. v. U.S. Steel *536 Corp., 772 S.W.2d 442, 445 (Tex.1989). We will set aside a factfinder's determination on the basis of a factual insufficiency or great weight and preponderance point only if we determine that the evidence is factually insufficient or so against the great weight and preponderance of the evidence as to be manifestly unjust, shocking to the conscience, or clearly demonstrating bias. Ames v. Ames, 776 S.W.2d 154, 159 (Tex.1989); Cropper v. Caterpillar Tractor Co., 754 S.W.2d 646, 652-53 (Tex.1988); Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex.1986); Pilkington v. Kornell, 822 S.W.2d 223, 230-31 (Tex.App.-Dallas 1991, writ denied). If we are inclined to reverse on the basis of a factual insufficiency or a great weight and preponderance point, we must "detail the relevant evidence and clearly state why the jury's finding is factually insufficient or is so against the great weight and preponderance as to be manifestly unjust; why it shocks the conscience; or clearly demonstrates bias." Pool, 715 S.W.2d at 635. Additionally, we must set forth in what regard the contrary evidence greatly outweighs the evidence in support of the verdict. Pool, 715 S.W.2d at 635. If we sustain a factual insufficiency or great weight and preponderance point, we can only remand the case. "Our present Constitution empowers the courts of appeals to `unfind' facts, even if they cannot `find' them." Pool, 715 S.W.2d at 634. We cannot substitute our interpretation of the evidence for that of the factfinder even if a different answer could be reached on the evidence. See Herbert v. Herbert, 754 S.W.2d 141, 144 (Tex.1988).

B. Application of Law to Facts
Possession of cocaine is a felony grade offense. By classifying the offense a felony, the Texas Legislature has determined that it is sufficiently serious to satisfy family code section 54.02(a)(1). Appellant was fifteen years old when he allegedly committed the offense in question. There is nothing in the record indicating that an adjudication hearing had been conducted for either offense. Thus, there was legally and factually sufficient evidence to support the trial court's finding that family code sections 54.02(a)(1) and (2) were satisfied.
Detective Ronald R. Hill of the Dallas Police Department testified at the discretionary transfer hearing regarding appellant's participation in an aggravated robbery[5] and possession of cocaine. Detective Hill testified that appellant and another individual robbed someone at gunpoint and stole a car. Appellant used a handgun in the course of the robbery and cocked it at one point. Appellant was arrested within twenty minutes of the robbery. After he was arrested, less than one gram of cocaine was found on appellant's person. Detective Hill also opined that the grand jury would indict appellant and that the public needed protection from him.
Dennis Fields, appellant's probation officer, also testified at the discretionary transfer hearing. Fields testified that appellant had been referred to juvenile authorities three times previously. Earlier efforts to deal with appellant in the juvenile system were unsuccessful. Fields further testified that he doubted whether appellant would benefit from any other programs offered by the juvenile department.
Psychological and social studies on appellant were also admitted into evidence at the hearing. The studies showed that appellant had average intelligence, was overly sophisticated for his age, had been a gang member and carried a gun for several years, and had used and sold illegal drugs. Appellant had lived independently and apart from his family for some period of time. Appellant indicated that his hobbies were basketball and "pimping."
We conclude that the trial court did not abuse its discretion in finding that the possession of cocaine by this fifteen-year old was sufficiently serious to justify discretionary transfer. Additionally, the evidence showing appellant's participation in the aggravated *537 robbery and overall background was sufficient to support a finding that the welfare of the community required criminal proceedings.
There was legally and factually sufficient evidence before the trial court to satisfy all of the elements of section 54.02(a) of the family code. Additionally, there was legally and factually sufficient evidence before the trial court supporting affirmative findings regarding each of the six factors set forth in section 54.02(f) of the family code. The trial court did not abuse its discretion in transferring the possession of cocaine charge against appellant. We overrule appellant's second point of error.
We affirm the trial court's judgment.
NOTES
[1] TEX.FAM.CODE ANN. § 54.02(a)(1) (Vernon Supp. 1995).
[2] Appellant's first point of error reads: "[T]he trial court erred in certifying J.J. to District Court for a state-jail-felony offense." The only substantive argument appellant makes under this point of error is that a state jail felony is not very serious and should not be subject to discretionary transfer. However, under his first point of error, appellant also asserts "the trial court abused its discretion by waiving its exclusive jurisdiction against the great weight and preponderance of the evidence admitted at the hearing." To the extent that appellant's first point of error may be attacking the sufficiency of the evidence to support the trial court's ruling, we will address it under our discussion of appellant's second point of error.
[3] Appellant does not challenge the transfer of the aggravated robbery charge.
[4] "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, no evidence.... However, there is some evidence, more than a scintilla, if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds as to the existence of the vital fact." Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex.1983).
[5] Aggravated robbery is a first degree felony. TEX.PENAL CODE ANN. § 29.03(b) (Vernon 1994). A first degree felony may be punished by "imprisonment in the institutional division for life or for any term of not more than 99 years or less than 5 years." TEX.PENAL CODE ANN. § 12.32(a) (Vernon 1994). In addition to imprisonment, a first degree felony may be punished by a fine not to exceed $10,000. TEX.PENAL CODE ANN. § 12.32(b) (Vernon 1994).