930 S.W.2d 929 (1996)
In the Matter of C.C.
No. 03-95-00386-CV.
Court of Appeals of Texas, Austin.
October 2, 1996.
*931 Marcia Jean Brinkley, Bailey Brinkley & Heston, Austin, for Appellant.
Ronald Earle, District Attorney, Matthew B. Devlin, Assistant District Attorney, Austin, for Appellee.
Before CARROLL, C.J., and KIDD and B. A. SMITH, JJ.
CARROLL, Chief Justice.
Appellant, a juvenile, was charged with attempted murder by a petition alleging he committed delinquent conduct. See Tex. Fam.Code Ann. § 53.04 (West 1996). The district court of Travis County, Texas, sitting as a juvenile court, waived jurisdiction and transferred the matter to district court. In two points of error, appellant appeals the order waiving jurisdiction and transferring the cause to district court ("the order"). We will affirm the juvenile-court order.

BACKGROUND
On January 10, 1995, Ricardo Davila, a homeless person, was severely beaten and set on fire. Appellant, a juvenile suspected of participating in the assault, was detained under the authority of the juvenile court of Travis County. Before an adjudicative hearing was held, the State petitioned the juvenile court to waive its jurisdiction and transfer the matter to the district court of Travis County. At the hearing on the petition, the State presented witnesses who testified to the following facts.
Scott Ferris was climbing the stairs to his apartment the night of January 10, 1995, when he saw two persons kicking, stomping on, and throwing bottles at an object in an alley behind a convenience store. Ferris went into his apartment, retrieved a baseball bat, and walked to the alley to find out what had happened. Through the fence separating *932 the apartment complex from the alley, Ferris saw a person (Davila) on the ground. Ferris walked to the end of the fence and saw two young men leaving the scene. Immediately afterward, Ferris saw Davila engulfed in flames. When neither Ferris nor Davila could extinguish the flames, Davila ran across the street to a gas station. Customers at the gas station eventually put out the flames using blankets and a fire extinguisher.
Officer Robert Hester of the Austin Police Department was dispatched to investigate the alleged assault. Tammy Socha, also an officer with the Austin Police Department, was riding with Hester that night. When the two arrived at the scene, Socha videotaped the crime scene and the condition of the victim.
Several hours after the crime occurred, one of the accomplices to the crime told an acquaintance, Bradley Livingston, about the incident. The accomplice identified appellant as one of the persons responsible for the assault and burning. Appellant was present during the conversation. Shortly after that conversation, appellant admitted to Livingston that he and another person had poured lighter fluid on the victim and set him on fire. Not only did appellant implicate himself in the matter, but eyewitness Scott Ferris also identified him in a police photo line-up as one of the two men Ferris saw leaving the scene.
Appellant was detained and later evaluated by psychologist Kevin McFarley. Dr. McFarley concluded that appellant was of at least average intelligence, had a history of depression, understood the difference between right and wrong, and was not suffering from a severe psychiatric illness. Dr. McFarley believed that appellant could respond positively to anti-depressant medication and psychiatric hospitalization, but concluded that appellant probably would not benefit from counseling or psychotherapy. Dr. McFarley testified that appellant was more sophisticated in some ways than many adolescents his age. The record also reflects that appellant lived alone in an apartment but that his father paid the rent for the apartment.
Appellant presented no evidence in his defense at the hearing on the petition. The juvenile court found, among other things, that there was probable cause to believe appellant had committed attempted murder. Additionally, the court found that the welfare of the community required criminal proceedings. The court waived its jurisdiction over the matter and transferred it to district court.

DISCUSSION
Legal and Factual Sufficiency of the Evidence
In order to properly transfer a matter to district court, a juvenile court must find two things.[1] First, the court must find probable cause to believe the juvenile committed the offense or offenses alleged in the transfer petition. See Act of May 11, 1973, 63d Leg., R.S., ch. 544, § 1, 1973 Tex. Gen. Laws 1460, 1476 (Tex. Fam.Code Ann. § 54.02(a)(3), since amended) (hereinafter "Former Code"). Second, the juvenile court must find that the welfare of the community requires criminal proceedings because of the seriousness of the offense alleged or because of the background of the juvenile. Id. The juvenile court made the required findings before it transferred appellant's case to district court.
In his first point of error, appellant complains the juvenile court erred in waiving jurisdiction and transferring the cause because the evidence was not legally or factually sufficient to support three of the juvenile court's findings. The rules governing transfer determinations are the same as those *933 governing civil appeals in general. Tex. Fam.Code Ann. § 56.01(b) (West 1996). Absent a showing of an abuse of discretion, we will not disturb the juvenile court's findings. In re J.P.O., 904 S.W.2d 695, 698 (Tex.App. Corpus Christi 1995, writ denied). In deciding whether evidence is legally sufficient, we consider only the evidence and inferences tending to support the finding of the trier of fact. E.g., Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex.1995); J.P.O., 904 S.W.2d at 700. We will uphold the finding if more than a scintilla of evidence supports it. E.g., Crye, 907 S.W.2d at 499. When reviewing the factual sufficiency of the evidence supporting a finding, we must consider and weigh all the evidence in support of and contrary to the finding. E.g., Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex.1989); J.P.O., 904 S.W.2d at 700. We will uphold the contested findings unless we find the evidence is too weak to support them, or they are so against the overwhelming weight of the evidence that they are manifestly unjust. E.g., Garza v. Alviar, 395 S.W.2d 821, 823 (Tex.1965); J.P.O., 904 S.W.2d at 700.
Appellant challenges the juvenile court's finding that there was probable cause to believe appellant committed the offense of attempted murder. Probable cause exists where there are sufficient facts and circumstances to warrant a prudent person to believe the suspect committed the offense. J.P.O., 904 S.W.2d at 700. The evidence showed that appellant was present at the scene of the crime; an eyewitness to the crime identified appellant. The evidence also showed that appellant participated in the burning; appellant admitted to Livingston that he had taken part in the burning. Those facts alone constitute legally sufficient evidence upon which to base a finding of probable cause. Those facts constitute factually sufficient evidence as well because there was little if any evidence supporting the idea that appellant did not intentionally participate in the burning. We, therefore, overrule appellant's challenge to the juvenile court's probable cause determination.
Appellant also challenges the juvenile court's findings that he was sophisticated enough to be tried as an adult and that he was unlikely to benefit from rehabilitative programs. In determining that the welfare of the community required transfer to district court, the juvenile court was required to consider the six factors listed in Former Code Section 54.02(f), two of which concern a juvenile's sophistication and likelihood to be rehabilitated.[2] The court was not required to make affirmative findings on any of the factors, In re C.C.G., 805 S.W.2d 10, 15 (Tex. App.Tyler 1991, writ denied), but it did so on five of the factors. First, the juvenile court found that the alleged offense was a crime against a person.[3] Second, the court found the offense alleged was committed in an aggressive and premeditated manner. Third, the court found there was evidence upon which a grand jury might be expected to return an indictment against appellant for attempted murder. Fourth, the court found appellant was not likely to benefit from the rehabilitation programs available to him. Finally, the court found appellant was of sufficient *934 sophistication and maturity to be tried as an adult. Appellant only contests the validity of the findings on sophistication and rehabilitation. Because the other three findings support the court's ultimate decision to transfer, any factual insufficiency with regard to the court's findings on the two challenged factors is irrelevant.
Furthermore, we find the evidence factually sufficient to support the two contested findings. With respect to the finding that appellant was of sufficient sophistication and maturity to be tried as an adult, the record reflects that appellant lived in an apartment alone. Dr. McFarley testified that appellant was more sophisticated than his peers in many areas and was familiar with "street issues." With respect to the juvenile court's finding that appellant was not likely to benefit from the rehabilitative programs available to him, Dr. McFarley testified that appellant would probably not benefit from therapy. Moreover, the record contains evidence that, despite his long-time involvement with the mental health system, appellant had failed to improve significantly. In short, there was ample evidence supporting the juvenile court's findings and little evidence controverting those findings. Therefore, we overrule appellant's challenge to the findings.
Adequacy of Investigation
In his first point of error, appellant additionally challenges the adequacy of the investigation prior to the transfer hearing. Former Code Section 54.02(a)(3) required a "full investigation" be conducted before a transfer hearing. The phrase "full investigation" was not defined in Section 54.02. However, "it is a matter of common knowledge that the course and scope of an investigation will vary according to the circumstances surrounding the events." Turner v. State, 796 S.W.2d 492, 497 (Tex.App.Dallas 1990, no writ) (quoting In re I.B., 619 S.W.2d 584, 586 (Tex.Civ.App.Amarillo 1981, no writ)). The issue of whether an investigation is complete is determined by the court that ordered the investigation. In re I.B., 619 S.W.2d at 586.
The juvenile court's order reflected that the order was rendered "after full investigation and hearing." The court took judicial notice of an investigator's report and attached psychological evaluation at the hearing. Appellant complains the investigator should have obtained more information than that included in the psychological assessment. However, the investigator was unable to obtain at least part of the missing information because appellant's attorney had instructed the investigator not to talk with certain people, including appellant's parents. Appellant will not be heard to complain about the inadequacy of the investigation when the investigator was precluded from obtaining information on appellant's counsel's instruction. See In re R.E.M. v. State, 541 S.W.2d 841, 844-45 (Tex.Civ.App.San Antonio 1976, writ ref'd n.r.e.). We hold that the juvenile court did not abuse its discretion in finding the investigation complete. We overrule the remainder of appellant's first point of error.
Offenses Transferred to District Court
In his second point of error, appellant contends the juvenile court improperly waived jurisdiction because the order purported to dispose of offenses not alleged in the petition. Appellant also states his argument another way by complaining that the juvenile court "failed to state on the record its disposition as to each charge." In effect, appellant simultaneously complains the order lacked the requisite findings and contained too many findings. Neither argument is persuasive.
At a transfer hearing, the juvenile court must dispose of each offense alleged in a petition for discretionary transfer. Former Code § 54.02(g); Richardson v. State, 770 S.W.2d 797, 799 (Tex.Crim.App. 1989). If the juvenile court fails to dispose of each charge alleged in the petition, the juvenile court retains jurisdiction over all offenses alleged in the petition and the order may be set aside. Id.; In re R.A.G., 866 S.W.2d 199 (Tex.1993).
*935 In the case at bar, the order satisfies the requirements of Former Code Section 54.02(g). The petition alleged one offense, attempted murder. The juvenile court found, among other things, that there was probable cause to believe that appellant committed "the offense alleged" in the petition. The juvenile court entered an order waiving jurisdiction "over each and every offense alleged in the [petition]...." There are no offenses alleged in the petition that are not disposed of by the order.
Appellant claims that the order is defective because it includes more offenses than alleged in the petition. The order transferred the offense alleged in the petition "and all criminal offenses occurring in the criminal episodes alleged in the [petition]." Appellant argues that the State should have been required to amend the petition before this language was included in the order.
This argument fails because the order does not allege any offenses other than attempted murder. The order merely recognizes that the State may later allege, in district court, additional offenses that arise out of the conduct alleged in the petition. It is well settled that neither the State nor the court is required to articulate in the transfer order all offenses that might later be charged in district court.[4]See Tatum v. State, 534 S.W.2d 678, 680 (Tex.Crim.App.1976); see also Cornealius v. State, 870 S.W.2d 169, 176 (Tex.App.Houston [14th Dist.] 1994), aff'd, 900 S.W.2d 731 (Tex.Crim.App.1995) (by transferring case to district court, the juvenile court transfers conduct rather than offenses). Because the order did not allege any new offenses, and because it is not necessary for the order to allege all possible charges,[5] the State was not required to amend its petition before entry of the order. The juvenile-court order properly addressed the offense and conduct alleged in the petition; accordingly, we overrule appellant's second point of error.

CONCLUSION
The order of the juvenile court is affirmed.
NOTES
[1] The parties do not dispute that the other requirements for transfer were met (i.e., appellant was charged with a second degree felony, no adjudication hearing had been held, and appellant was over fifteen years of age at the time of the alleged offense). See Tex. Fam.Code Ann. § 54.02(a)(2)(B) (West 1996).
[2] The statute as it appeared at the time the juvenile court conducted the hearing read,

"In making the determination required by Subsection (a) of this section, the court shall consider, among other matters: (1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person; (2) whether the alleged offense was committed in an aggressive and premeditated manner; (3) whether there is evidence on which a grand jury may be expected to return an indictment; (4) the sophistication and maturity of the child; (5) the record and previous history of the child; and (6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court."
See Former Code § 54.02(f). The legislature amended the statute in 1995 to delete factors (2) and (3). See Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 34, 1995 Tex. Gen. Laws 2517, 2533.
[3] A court may give greater weight in favor of transfer to offenses against the person. Former Code § 54.02(f)(1).
[4] We express no opinion on the issue of whether the conduct alleged in the petition gave appellant adequate notice of the charges ultimately included in the district court indictment. The district court indictment is not part of the record before us.
[5] Appellant cites In re R.A.G. as supporting authority for the proposition that a court must rule on every offense raised by the evidence. See 866 S.W.2d at 199. In R.A.G., the petition alleged three offenses: capital murder, attempted murder, and solicitation of capital murder. The juvenile court found probable cause for the "offense [singular] of capital murder, attempted capital murder, or [disjunctive] solicitation of capital murder." Id. at 199 (emphasis added). The Texas Supreme Court held that the order was defective because the juvenile court did not dispose of each offense alleged in the petition. Id. R.A.G. merely restates Former Code Section 54.02(g); that is, if a petition alleges multiple offenses, the court must rule on each offense. We do not agree with appellant's argument that R.A.G. means more. In fact, we find authority to the contrary. Even if the evidence presented at a transfer hearing raises offenses not alleged in the petition, the court need not rule on them. Joseph v. State, 864 S.W.2d 737, 738 (Tex.App. Houston [1st Dist.] 1993, writ denied). Indeed, the court may not rule on them because, unless alleged in the petition, the new offenses are not properly within the juvenile court's jurisdiction. Id.