99-00502 Melendez v State of Texas.wpd



No. 04-99-00502-CR



Raul MELENDEZ,


Appellant



v.



The STATE of Texas,


Appellee



From the 227th Judicial District Court, Bexar County, Texas


Trial Court No. 98-CR-4777-B


Honorable Philip A. Kazen, Judge Presiding



ON MOTION FOR REHEARING


Opinion by: Paul W. Green, Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Paul W. Green, Justice


Delivered and Filed: November 22, 2000


MOTION FOR REHEARING DENIED; AFFIRMED AS MODIFIED


 By this opinion, we withdraw our opinion of October 25, 2000, and substitute the
following. We deny Raul Melendez's motion for rehearing.

 Appellant, Raul Melendez, was convicted of murder. Melendez, a juvenile, was
certified as an adult and entered his plea of nolo contendere in criminal district court
pursuant to a plea agreement. On appeal, Melendez raises two issues. First, Melendez
argues the trial court erred when it certified him as an adult. Second, Melendez complains
the trial court did not adequately credit him with time served in juvenile detention while he
was awaiting the certification hearing and transfer to criminal court. We modify the trial
court judgment to reflect the correct time served and affirm the judgment as modified. 

Facts

 Melendez was one of three members of the "Sangre Boys Kin" gang (SBK) who were
involved in "jumping in" Jaime Garcia to their gang. "Jumping in" is an initiation process
wherein a physical beating is inflicted on a new gang member. Usually a new member is
only beaten once. However, one of the SBK members was not present when the first beating
was inflicted on Jaime Garcia, so he was beaten a second time by Melendez and his friends.
Garcia died shortly after the second beating, from injuries sustained when he was kicked in
the head. Melendez was fifteen at the time of the offense and at the time the trial court
certified him as an adult.

Issue One 

 Melendez argues the trial court erred when it waived jurisdiction and transferred him
to a criminal district court. Although not articulated as such, Melendez's complaint is
essentially an attack on the sufficiency of the evidence supporting the decision of the juvenile
court. 

 To determine whether the evidence is legally sufficient to support the transfer of a
juvenile proceeding for criminal prosecution, we consider only evidence and inferences
tending to support the finding of the trier of fact. Matter of C.C., 930 S.W.2d 929, 933 (Tex.
App.-Austin 1996, no pet.). When reviewing the factual sufficiency of the trial court's
decision to waive juvenile jurisdiction, we consider and weigh all the evidence in the record. 
Matter of C.C., 930 S.W.2d at 933. We will uphold the trial court's findings unless we find
the evidence too weak to support the findings, or the findings are so against the
overwhelming weight of the evidence that they are manifestly unjust. Id.; Matter of M.A.,
935 S.W.2d 891, 895-96 (Tex. App.-San Antonio 1996, no writ).

 In order to properly transfer a matter to a district court, a juvenile court must find two
things. First, the court must find probable cause to believe the juvenile committed the
offense or offenses alleged in the transfer petition. Second, the juvenile court must find that
the welfare of the community requires criminal proceedings because of the seriousness of
the offense alleged or because of the background of the juvenile. Matter of C.C., 930
S.W.2d at 932; Tex. Fam. Code Ann. § 54.02 (a) (Vernon 1995 & Supp. 2000). 

 Texas Family Code § 54.02 (f) (Vernon 1995 & Supp. 2000) sets forth the criteria
a juvenile court must consider when it makes its findings of fact transferring a case from
juvenile court to a criminal district court. 

In making the determination required by subsection (a) of this section, the
court shall consider, among other matters :

(1) whether the alleged offense was against person or property, with greater
weight in favor of transfer given to offenses against the person;

(2) the sophistication and maturity of the child;

(3) the record and previous history of the child;

(4) the prospects of adequate protection of the public and the likelihood of the
rehabilitation of the child by use of procedures, services, and facilities
currently available to the juvenile court.

 Although the trial court must consider each of the factors listed above, it need not
make an affirmative finding on all factors. Matter of M.A., 935 S.W.2d at 896. The trial
court's decision to waive jurisdiction is reviewed under an abuse of discretion standard. See
id. Melendez argues the juvenile court erred when it applied the legislatively prescribed
criteria contained in §54.02 (f) to his case.

 The trial court found the evidence presented in relation to grounds one, two, and four
as set forth in Tex. Fam. Code Ann. § 54.02 (f) was sufficient to warrant transfer to a
criminal district court. With regard to § 54.02 (f)(1), the offense was obviously committed
against a person. The offense was particularly brutal, and there was testimony from
Melendez's probation officer that he had seen very few acts committed that were more
violent than the one committed by Melendez. 

 With regard to § 54.02 (f)(2), there was evidence in the record from the court
appointed psychiatrist indicating Melendez understood the nature of his actions and the
proceedings against him. Melendez's aptitude scores placed him in the average intelligence
range. Melendez also indicated an understanding of his conduct, the seriousness of the
offense, and the fact he was going to have to "do some time."

 With regard to § 54.02 (f)(4), the court also expressed a concern that although there
was a program in the Texas Youth Commission specifically designed for offenders such as
Melendez, the realities of the juvenile justice system would not allow adequate time to have
an appreciable effect on Melendez's future conduct. In addition, there was no clear evidence
of remorse on Melendez's part. 

 The evidence is both factually and legally sufficient to support the trial court's
decision. The brutal nature of the crime involved and the lack of remorse on Melendez's part
are particularly compelling in light of factors one and four set forth in Tex. Fam. Code Ann.
§ 54.02 (f). We overrule Melendez's first issue.

Issue Two 

 In his second issue, Melendez complains he was not given credit for time served in
juvenile detention prior to his certification and transfer to the adult criminal system. The
State agrees Melendez should receive credit for this time. A juvenile who is certified as an
adult and subsequently prosecuted and sentenced accordingly is entitled to credit for time
served in the juvenile system. See Ex Parte Green, 688 S.W.2d 555, 557 (Tex. Crim. App.
1985). Melendez was placed into juvenile detention on February 18, 1998. He was certified
as an adult on June 8, 1998, and he was released on bond on June 10, 1998. He received
three days credit for time served. We sustain Melendez's second issue. Melendez should
receive credit for 113 days served. 

Conclusion


 We hold the trial court did not abuse its discretion by certifying Melendez as an adult.
The judgment is affirmed as modified to reflect the correct number of days served.



 PAUL W. GREEN,

 JUSTICE


DO NOT PUBLISH