NUMBER 13-01-129-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

                        IN THE MATTER OF R.E.A.,
A JUVENILE



 

 



                            On appeal from the Juvenile Court

                                  of Nueces County, Texas.



 

 

                                   O P I N I O N

 

        Before Chief Justice Valdez and Justices Dorsey
and Rodriguez

                                  Opinion by Justice Dorsey

 

Appellant, R.E.A., a
juvenile, pleaded true to unauthorized use of a motor vehicle and possession of
marijuana.  After hearing evidence the
trial court placed him on probation and ordered him to complete the
J.U.S.T.I.C.E. Long Term Boot Camp Program. 
The issue is whether the evidence is factually sufficient to support the
trial court=s findings which
permit appellant=s placement in boot
camp.  We affirm.








                                                   I. Discussion

                                                Standard
of Review

A juvenile court's
disposition order is reviewable both for sufficiency
of the evidence supporting the necessary findings and an abuse of
discretion.  In the Matter of M.A.C.,
999 S.W.2d 442, 446 (Tex. App.BEl Paso 1999, no
pet.).  The juvenile court's findings of
fact are reviewable for factual sufficiency of the
evidence to support them.  In the
Matter of C.C., 13 S.W.3d 854, 858 (Tex. App.BAustin 2000, no pet.);
In the Matter of M.A.C., 999 S.W.2d at 446.  In reviewing factual sufficiency we consider
and weigh all of the evidence, and if the finding is so against the great
weight and preponderance of the evidence that it is manifestly unjust we set
aside the disposition order and remand the case for a new disposition
hearing.  In the
Matter of C.C., 13 S.W.3d at 859. 
See In the Matter of K.L.C., 972 S.W.2d 203, 206‑07 (Tex.
App.BBeaumont 1998, no
pet.).   

                                             Disposition
Proceedings

Section 54.04 of the
Texas Family Code guides the juvenile court's exercise of discretion in making
an appropriate disposition.  In the Matter of M.A.C., 999 S.W.2d at 446.  Section 54.04(c) provides that:

No disposition placing
the child on probation outside the child's home may be made under this section
unless the court or jury finds that the child, in the child's home, cannot be
provided the quality of care and level of support and supervision that the
child needs to meet the conditions of the probation.

 

 

 








Tex.
Fam. Code Ann.
' 54.04(c) (Vernon
1996); In the Matter of A.S., 954 S.W.2d 855, 861 (Tex. App.BEl Paso 1997, no
pet.).  Further section 54.04(i) of the Texas Family Code provides:

(i)
If the court places the child on probation outside the child's home . . . the
court:

 

(1) shall
include in its order its determination that:

(A) it
is in the child's best interests to be placed outside the child's home;

(B) reasonable
efforts were made to prevent or eliminate the need for the child's removal from
the home and to make it possible for the child to return to the child's
home;  and

(C) the
child, in the child's home, cannot be provided the quality of care and level of
support and supervision that the child needs to meet the conditions of
probation;

 

Tex.
Fam. Code Ann.
' 54.04(i) (Vernon 1996); In the Matter of A.S., 954 S.W.2d
at 86.

In a juvenile case the
trial court has broad discretion to determine a suitable disposition of a child
who has been adjudicated to have engaged in delinquent conduct.  In the Matter of A.S., 954 S.W.2d at
861; In the Matter of J.R., 907 S.W.2d 107, 110 (Tex. App.BAustin 1995, no writ).
Absent an abuse of discretion, we will not disturb the juvenile court's
findings.  In the Matter of A.S.,
954 S.W.2d at 861; In the Matter of J.J., 916 S.W.2d 532, 535 (Tex. App.BDallas 1995, no writ);
In the Matter of J.P.O., 904 S.W.2d 695, 698 (Tex. App.BCorpus Christi 1995,
writ denied).








                                           II. Disposition Hearing

On December 13, 2000, appellant pleaded true to unauthorized use of a
motor vehicle and possession of marijuana. 
Afterwards the trial court admitted the probation officer=s report into
evidence, and the State called Ms. Christi Allen, appellant's probation
officer, to testify.  She stated that the
juvenile probation department 
recommended that appellant be placed in the Aboot camp.@  She also testified that in making this
recommendation the staffing committee considered appellant=s long referral
history to the probation department, his continual use of drugs, his lack of
attendance at school, and his behavior at home. 
At one point appellant left home, and his parents did not see him for
over one month.  Appellant had also taken
his parents= car without their
permission.  She said that appellant had
been in detention since November 2000, and that
according to detention staff, appellant does not want to follow
directions.  While in detention appellant
had generated several behavioral incident reports, the latest being on December
11, 2000.  Allen said that appellant had
never been adjudicated before, nor had he been placed on official probation,
intensive supervised probation, or the Aspotlight program.@  She did not think that appellant would be
able to comply with official probation.








Appellant, who is
sixteen years old, testified that he did not want to go to boot camp; rather,
he wanted the judge to give him one more chance to prove that he could stay
away from drugs.  If placed on intensive
supervised probation, he 
said that he would go to school, stay away from drugs, follow
curfew, and stay at home.  He said that
he would not run away again.  He is
currently in the ninth grade, but has not been to school since last year.

The probation officer=s report showed that
as of November 8, 2000, the juvenile probation department had received seven
referrals on appellant.  These referrals
were for theft, unlawfully carrying a weapon, runaway, truancy/runaway,
runaway, possession of marijuana, and unauthorized use of a motor vehicle.  This report also shows that appellant, while
in detention, had several behavioral incident reports.  He disobeyed orders, was in possession of
contraband, and failed to carry out assignments.  His parents reported that in the last six
months appellant=s problems had
escalated because he was not obeying curfew, taking their vehicles without
permission, and running away.  Appellant
admitted to substance abuse, which began at approximately age eleven with
alcohol.  He began using marijuana at age
fourteen, and he has experimented with cocaine and LSD.  A psychological evaluation showed that
appellant is rebellious and has oppositional and defiant tendencies as well as
lack of responsibility, self-centeredness, and impulsivity.








On December 13, 2000,
the trial court signed an order, placing appellant on official probation until
his seventeenth birthday and ordered that the rules of probation include
placement in boot camp.  To support this
disposition the trial court found that (1) reasonable efforts have been made to
prevent or eliminate the need for appellant to be removed from the home and to
make it possible for appellant to return to his home, (2) appellant, in his
home, cannot be provided the quality of care and level of support and
supervision that he needs to meet the conditions of probation without some
assistance, and (3) appellant=s best interest and
that of the community will be served by placing him on probation outside the
home at the J.U.S.T.I.C.E. Long Term Boot Camp Program until successfully
completed.

We hold that the trial
court made the required findings to support its placement of appellant on
probation outside the home in boot camp. 
See Tex. Fam. Code Ann.
'' 54.04(c),(i) (Vernon 1996).  We hold that the trial court did not abuse
its discretion in making this disposition and that the evidence is factually
sufficient to support the trial court=s disposition.  The trial court=s findings are not so against the great weight
and preponderance of the evidence that they are manifestly unjust.  We overrule the point of error.

We AFFIRM the trial
court=s order.

______________________________

J. BONNER DORSEY,

Justice

 

Do not publish.

Tex. R.
App. P. 47.3(b).

 

Opinion delivered and filed

this 16th day of May,
2002.