NO. 07-01-0003-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 10, 2003

_____

IN THE MATTER OF J. R.

_____

FROM THE 137TH DISTRICT COURT OF COUNTY;

NO. 99-764,540; HONORABLE MARK C. HALL, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

**MEMORANDUM OPINION**[1]

Appellant J. R., a juvenile, appeals from an order that he be committed to the Texas Youth Commission (TYC) for an indeterminate period of time.[2] By two points of error, he contends (1) the trial court abused its discretion by confining him to TYC and (2) the

_____

*John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[1]Tex. R. App. P. 47.4.

[2]Appellant does not appeal from the adjudication of delinquent conduct.

evidence was insufficient to satisfy the requirements of section 54.04(i) of the Texas Family Code and support the order of commitment. Based upon the rationale expressed herein, we affirm.

Appellant was arrested on June 4, 1999, for aggravated sexual assault of another juvenile and detained at the Lubbock County Juvenile Justice Center. The offense occurred at a church for the homeless where appellant and his family were residing. The minister of the church discovered and reported the offense after another juvenile reported that appellant and the victim appeared to be engaging in inappropriate sexual behavior. In addition to another act of sexual misconduct, appellant told the officer he had committed sexual assault against the victim by placing his hand over the victim's mouth and placing his penis in the victim's anus.

The evidence demonstrated a family history of sexual abuse. Appellant admitted to being sexually assaulted by two cousins in 1998 while staying with his grandmother. Appellant also admitted to his juvenile probation officer that he had been involved in several other sexual incidents. He was allowed to attend counseling for juvenile sex offenders in a facility in Waco, but was not admitted to the program until he turned 14. While appellant was in Waco, he admitted to sexually assaulting a younger brother. On October 31, 2000, the State filed its petition for adjudication and upon appellant's stipulation of the evidence to the offense of aggravated sexual assault, on December 6, 2000, the court signed a judgment finding that he had engaged in delinquent conduct.

Following a disposition hearing pursuant to section 54.04 of the Code, the trial court signed its order of commitment.

By his first point, appellant contends that the trial court abused its discretion by confining him to TYC. We disagree. Appellant commences his argument by asserting, in detail, that "numerous mistakes occurred throughout the prosecution of J.R.," and prior to his adjudication. He concludes, "[n]ine months of illegal detention. Detention being based on a smearing of clear statutory directives." Although these alleged errors may have been grounds for other relief, a question we need not decide, the claimed irregularities do not implicate the trial court's discretion in the disposition phase of the proceeding under section 54.04. In addition, appellant's argument ignores the record which demonstrates that he and his counsel signed waivers of follow-up detention hearings. Moreover, errors in the detention process are not subject to appeal under section 56.01 of the Code.

We have not overlooked appellant's argument, presented without issue or point of error, that the trial court opted for sentencing under level 6 pursuant to section 59.009; however, appellant acknowledges that these provisions are guidelines only and cites no authority supporting his argument. Further, section 56.01 does not authorize an appeal of a departure from the guidelines under section 59.009. Point of error one is overruled.

By his second point, appellant contends the evidence was not sufficient to satisfy the requirements of section 54.04(c) and 54.04(i) of the Code. By his argument, appellant narrows his challenge contending that the evidence was insufficient to warrant a finding that reasonable efforts were made to avoid his placement in TYC.[3] We disagree.

In reviewing a factual insufficiency challenge, we will apply the standard set out in In re J.J., 916 S.W.2d 532, 535-36 (Tex.App.--Dallas 1999, no pet.), and will set aside a factfinder's determination only if we determine, after consideration of all the evidence, that it is so against the great weight and preponderance of the evidence as to be manifestly unjust, shocking to the conscience, or clearly demonstrating bias. *See also* In re C.J.H., 79 S.W.3d 698, 703-04 (Tex.App.–Fort Worth 2002, no pet.). Also, before we begin our analysis, it is important to consider the contention in the context of the express provision of section 54.04(i)(1)(B), which provides:

> reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home . . . .

Appellant's point requires us to focus on his home, which, unfortunately did not present an acceptable solution because

- evidence demonstrated family history of sexual abuse;

---

[3]Based on the substance of appellant's argument, we conclude he intended to reference section 54.04(i)(1)(B).

- sexual abuse of family members by family members; and

- when taken into custody, appellant was in a shelter for the "homeless."

Each case must be decided on a case by case basis. The home environment might be appropriate where the juvenile has been convicted of offenses such as theft, burglary, possession, dealing in drugs, or writing of hot checks. Also, unlike Matter of K.L.C., 972 S.W.2d 203 (Tex.App.--Beaumont 1998, no pet.), cited by appellant, where the minor was charged with the offense of aggravated assault with a deadly weapon, here, considering the gravity and type of the illegal conduct, *i.e.*, acts of sexual violence committed upon family members, and even while visiting a grandparent, demonstrates a unique home situation which suggests the removal of the child from the home.

Appellant's mother testified that she was "drug free" and living at home with her two sons. She also testified that she could stay at home and supervise appellant because she is unable to work due to a disability. However, she presented no evidence that she was in a position to provide professional counseling for appellant. Accordingly, considering the nature and gravity of appellant's conduct and all the evidence, we conclude the evidence was not factually insufficient or so against the great weight and preponderance of the evidence as to be manifestly unjust, shocking to the conscience, or clearly indicating bias. Appellant's second point is overruled.

Accordingly, the judgment of the trial court is affirmed.

Per Curiam