

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00084-CV

In the **MATTER OF D.J.R.R.** a/k/a D.R.R.

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-JUV-02025
The Honorable Carmen Kelsey, Judge Presiding

Opinion by:  Marialyn Barnard, Justice

Sitting:  Catherine Stone, Chief Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  July 24, 2013

AFFIRMED

Appellant D.J.R.R. appeals the modification of the trial court's disposition order, which committed him to a Texas Juvenile Justice Department (TJJD) facility for an indeterminate period. In his sole point of error, D.J.R.R. contends the trial court abused its discretion in placing him in a TJJD facility. D.J.J.R. argues committing him to a residential treatment facility or maintaining his probation status is a more appropriate disposition. We affirm the trial court's judgment.

### BACKGROUND

In November 2011, a trial court determined D.J.R.R. engaged in delinquent conduct by committing the offense of unlawful restraint of a victim under age seventeen, a state jail felony. The trial court entered a disposition order placing D.J.R.R. on probation until his eighteenth birthday. The trial court also ordered residential treatment. D.J.R.R. spent seven months at a

residential treatment facility. After completing the residential treatment program in July 2012, D.J.R.R. returned to the care of his grandmother.

The State alleged that in September 2012, D.J.R.R. violated four conditions of his probation by possessing controlled substances, failing a drug test, failing to attend school every day and follow school rules, and failing to obey all laws.

At the disposition hearing, D.J.R.R. pled true to the State's allegations. The trial court modified D.J.R.R.'s disposition, ordering that he serve an indeterminate sentence at a TJJD facility. The trial court's stated reasons for the modified disposition were: (1) the seriousness of the original, underlying felony offense; (2) the seriousness of the probation violations; (3) concern for the safety of the community; and (4) D.J.R.R.'s treatment needs. After the modified disposition, D.J.R.R. perfected this appeal.

## ANALYSIS

In a single issue, D.J.R.R. claims the trial court abused its discretion in ordering confinement in a TJJD facility because continued probation or further residential treatment would have been a more suitable disposition considering D.J.R.R.'s needs. We disagree.

A juvenile court possesses broad discretion to determine a suitable disposition for a child who has been adjudicated as having engaged in delinquent conduct. *In re P.E.C.*, 211 S.W.3d 368, 370 (Tex. App.—San Antonio 2006, no pet.). We review a trial court's order modifying juvenile probation under an abuse of discretion standard. *In re J.P.*, 136 S.W.3d 629, 633 (Tex. 2004); *In re K.T.*, 107 S.W.3d 65, 74 (Tex. App.—San Antonio 2003, no pet.). Absent a showing of abuse of discretion, we will not disturb the court's modification of a juvenile's disposition. *P.E.C.*, 211 S.W.3d at 370. An abuse of discretion occurs when the trial court acts unreasonably or arbitrarily without reference to guiding rules and principles. *Id.*; *In re K.J.N.*, 103 S.W.3d 465, 466 (Tex. App.—San Antonio 2003, no pet.).

A disposition for a felony may be modified to commit the child to a TJJD facility if the trial court, after a hearing, finds by a preponderance of the evidence that the child violated a reasonable and lawful order of the court. *In re J.A.D.*, 31 S.W.3d 668, 671 (Tex. App.—Waco 2000, no pet.); TEX. FAM. CODE ANN. § 54.05 (West 2012). Here, D.J.R.R. pled true to all of the State's allegations. A plea of true to violating probation is "analogous to a judicial confession which justifies the court's finding the violation was committed by a preponderance of the evidence." *In re M.A.L.*, 995 S.W.2d 322, 324 (Tex. App.—Waco 1999, no pet.). Based on D.J.R.R.'s plea of true, the trial court found, by a preponderance of the evidence, that D.J.R.R. violated four conditions of his probation. Because his probation was for a felony, and he violated a condition of his probation, the trial court was justified in modifying the disposition from probation to confinement in a TJJD facility. *See In re J.J.*, 916 S.W.2d 532, 534 (Tex. App.—Dallas 1995, no writ) (holding state jail felony is felony grade offense that falls within section 54.02(a) of Family Code).

If the trial court commits the child to a TJJD facility, it shall include in the disposition order its determination that: (1) it is in the child's best interest to be placed outside the child's home; (2) reasonable efforts were made to prevent or eliminate the need for the child's removal from the home and to make it possible for the child to return to the child's home; and (3) the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation. TEX. FAM. CODE ANN. § 54.04(i)(1) (West 2012). The record shows that within a year of the original offense, D.J.R.R. committed additional offenses. Although D.J.R.R. was given the opportunity to remain in his home after completing residential treatment, he violated four conditions of his probation. The Family Code requires the trial court to make reasonable efforts to prevent the minor's removal from the home. *See id.* § 54.05(m). It is clear the trial court made reasonable efforts to allow D.J.R.R. to remain at home.

In any event, a court is not required to exhaust all options prior to committing a juvenile to a TJJD facility. *In re J.A.M.*, No. 04-07-00489-CV, 2008 WL 723327, at *2 (Tex. App.—San Antonio March 19, 2008, no pet.) (mem. op.). It is also clear D.J.R.R. could not receive the level of support and supervision necessary to meet the conditions of his probation. Therefore, we hold the trial court did not abuse its discretion in finding D.J.R.R.'s best interests could not be served by continuing his probation. Accordingly, we hold the trial court did not abuse its discretion in removing D.J.R.R. from his home and placing him in a TJJD facility.

## CONCLUSION

Based on the foregoing, we hold the trial court did not abuse its discretion in placing D.J.R.R. in a TJJD facility and overrule D.J.R.R.'s sole complaint. Accordingly, we affirm the trial court's judgment.

Marialyn Barnard, Justice