In re J.J.C., a Juvenile









NUMBER 13-01-00212-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN RE J.J.C., A JUVENILE, Appellant.

 


On appeal from the Juvenile Court


of Nueces County, Texas.


 


O P I N I O N



Before Justices Hinojosa, Yañez, and Castillo


Opinion by Justice Hinojosa



 Appellant, J.J.C., a juvenile, pleaded true to the State's allegations that he
committed the offenses of criminal trespass, theft, and two counts of burglary of a building. 
After hearing evidence, the trial court placed him on probation and ordered him to complete
the J.U.S.T.I.C.E. Long Term Boot Camp Program. By a single point of error, appellant
contends the evidence is factually insufficient to support the trial court's order that he be
placed in the boot camp. (1) We affirm. 

A. Standard of review


 A juvenile court's disposition order is reviewable both for sufficiency of the evidence
supporting the necessary findings and an abuse of discretion. In re M.A.C., 999 S.W.2d
442, 446 (Tex. App.-El Paso 1999, no pet.). The juvenile court's findings of fact are
reviewable for factual sufficiency of the evidence to support them. In re C.C., 13 S.W.3d
854, 858 (Tex. App.-Austin 2000, no pet.); In re M.A.C., 999 S.W.2d at 446. In reviewing
the factual sufficiency of the evidence, we consider and weigh all of the evidence and if the
finding is so against the great weight and preponderance of the evidence that it is
manifestly unjust, we set aside the disposition order and remand the case for a new
disposition hearing. In re C.C., 13 S.W.3d at 859; see In re K.L.C., 972 S.W.2d 203, 206-07 (Tex. App.-Beaumont 1998, no pet.).

 Section 54.04 of the Texas Family Code guides the juvenile court's exercise of
discretion in making an appropriate disposition. In re M.A.C., 999 S.W.2d at 446. Section
54.04(c) provides:


 No disposition may be made under this section unless the child is in
need of rehabilitation or the protection of the public or the child
requires that disposition be made. If the court or jury does not so find,
the court shall dismiss the child and enter a final judgment without any
disposition. No disposition placing the child on probation outside the
child's home may be made under this section unless the court or jury
finds that the child, in the child's home, cannot be provided the quality
of care and level of support and supervision that the child needs to
meet the conditions of the probation.


 

Tex. Fam. Code Ann. § 54.04(c) (Vernon Supp. 2002). Furthermore, section 54.04(i)
provides, in relevant part:


 If the court places the child on probation outside the child's home or
commits the child to the Texas Youth Commission, the court:

 
 shall include in its order its determination that:

 
 it is in the child's best interests to be placed outside the
child's home;

 reasonable efforts were made to prevent or eliminate
the need for the child's removal from the home and to
make it possible for the child to return to the child's
home; and

 the child, in the child's home, cannot be provided the
quality of care and level of support and supervision that
the child needs to meet the conditions of probation; 

 
 


Tex. Fam. Code Ann. § 54.04(i)(1) (Vernon Supp. 2002).

 The trial court has broad discretion to fashion an appropriate disposition after it has
adjudicated a child to be a delinquent. In re T.K.E., 5 S.W.3d 782, 784 (Tex. App.-San
Antonio 1999, no pet.); In re A.S., 954 S.W.2d 855, 861 (Tex. App.-El Paso 1997, no pet.);
In re J.R., 907 S.W.2d 107, 110 (Tex. App.-Austin 1995, no writ). Absent an abuse of
discretion, the appellate court will not disturb the juvenile court's findings. In re A.S., 954
S.W.2d at 861; In re J.P.O., 904 S.W.2d 695, 698 (Tex. App.-Corpus Christi 1995, writ
denied). 

B. Disposition Hearing


 On December 1, 2000, appellant pleaded true to the State's allegations that he
committed the offenses of criminal trespass, theft, and two counts of burglary of a building. 
The trial court determined that appellant was a juvenile in need of rehabilitation. The State
offered the probation officer's report into evidence. 

 The probation officer's report described the following offenses committed by
appellant:


 On July 27, 2000, appellant stole a bass guitar, snare drum, and two
cymbals from the band hall at Calallen High School;

 On October 7, 2000, appellant smashed a classroom window at
Annaville Elementary and took a laptop computer;

 On October 17, 2000, appellant extensively vandalized the field
house, athletic maintenance shed, and home press box of the football
field at Tuloso-Midway High School, causing $51,952.52 in damage;
and

 On October 19, 2000, at 11:20 p.m., appellant and his two siblings
were found prowling around Annaville Elementary. The juveniles had
jumped the 8-10 foot chain link fence surrounding the school and
were discovered with a backpack, a pair of wire-cutting pliers and a
wood-handle hammer.



After describing appellant's referrals, the probation officer's evaluation states: 

Although [J.J.C.] and his mother have cooperated with this Department,
providing this officer with needed information for Court, keeping all office
visits, and allowing a home visit to be made, it is the opinion of the
Department that [J.J.C.] is in need of additional supervision and direction in
order to deter further delinquent behavior. . . . It is respectfully
recommended for the Court's consideration that [J.J.C.] be placed on Court-ordered Intensive Supervision Probation for a period of one year. The
juvenile was adjudicated on a Level IV Progressive Sanction offense. The
Department is recommending a Level IV Progressive Sanction Plan due to
the severity of the offense.


The following reasons were given for the probation department's recommendation:


 [J.J.C.] has two referrals to the Nueces County Juvenile Department;

 [J.J.C.] is in need of additional supervision by this Department due to
the nature of his offenses;

 Probation will provide guidance and monitoring of [J.J.C.'s] home and
school environment as well as peer association;

 [J.J.C.] should be held accountable for his actions within the
community; and

 The parent's participation in parenting classes will support her
discipline practices and help build a closer relationship to her children.



 The State then called Gary Burnett, the Director of Student Services and Career
Technology at Tuloso-Midway I.S.D. Burnett testified regarding the burglary of Tuloso-Midway High School and the losses and damages totaling $51,952.52. Burnett stated: 

[We are] very concerned about this situation. Our community is very proud
of our facilities. They've worked very, very diligently to pass a bond several
years ago to build a brand new field house that's been open less than one
year. To have what we had happen to us on October the 17th was very
harmful to our - not harmful, but it was a disrespect to our community. Our
community's very concerned about this. I am very glad the system has
worked. In fact, we have apprehended the people that were involved in this. 
I know that when it comes to consequences, sometimes the law also states
that there's only certain things we can do. We're not necessarily wanting to
make this an example, but this was a very, very serious offense that took
place at Tuloso.


 Appellant presented no evidence at the disposition hearing. The State then
recommended that [J.J.C.]:

be placed on official probation for a period of one year; that aside from the
usual and customary requirements of probation, that he participate in the
Intensive Supervision Probation Program; that he attend Operation Outreach
as directed; that he attend and complete counseling at MH-MR; that he
ingest all medication as prescribed by his doctor; and that he pay restitution
in the amount $3,652.23 and complete 40 hours of community service.


The trial court then stated:

I'm just not feeling real good about this recommendation and I'm not gonna
follow it. . . . I - I just don't have any faith in our ability immediately, anyway,
to supervise you at home. So I - I'm going to impose the Boot Camp to give
us sort of a foothold to keep some supervision after you've completed that
program.


 On December 1, 2000, the trial court signed an order placing appellant on official
probation until his eighteenth birthday and ordered that the rules of probation include
appellant's placement at the J.U.S.T.I.C.E. Long Term Boot Camp. In support of this
disposition, the trial court found:

that reasonable efforts have been made to prevent or eliminate the need for
the Respondent to be removed from his home and to make it possible for the
Respondent to return to his home. The Court finds that the child, in the
child's home, cannot be provided the quality of care and level of support and
supervision that the child needs to meet the conditions of the probation
without some assistance. The Court finds that the best interest of the
Respondent and of the community will be served by placing the Respondent
on probation outside his home at the J.U.S.T.I.C.E. Long Term Boot Camp
Program until successfully completed. The Court further finds that the
Respondent has been removed from his home and the Court approves the
removal. 


C. Conclusion


 We conclude the trial court made the required findings to support its placement of
appellant on probation outside the home. See Tex. Fam. Code Ann. § 54.04 (c), (i) (Vernon
Supp. 2002). We further conclude the trial court's findings are not so against the great
weight and preponderance of the evidence that they are manifestly unjust. Accordingly,
we hold the evidence is factually sufficient to support the trial court's disposition, and the
trial court did not abuse its discretion in making this disposition. We overrule appellant's
sole point of error.

 The trial court's judgment is affirmed. 


 

 FEDERICO G. HINOJOSA

 Justice


Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

25th day of July, 2002.
1. At the conclusion of his brief, appellant summarized his argument as follows:


J.J.C. challenges the factual sufficiency of the evidence to support the trial court's findings
which permit J.J.C.'s placement outside his home. The trial court abused its discretion in
committing him to the J.U.S.T.I.C.E. Long Term Boot Camp, rather than assigning him to a
sanction level four (4) as provided for in section 59.007 of the Texas Family Code, because
the evidence is insufficient to support the court's deviation from the progressive sanctions
guidelines.


While this Court has the power to determine whether there is evidence to support removal from the child's
home and to set aside the disposition if there is no evidence, or to set aside a disposition on abuse of
discretion grounds, see In re A.S., 954 S.W.2d 855, 861 (Tex. App.-El Paso 1997, no pet.), the family code
prohibits a child from complaining on appeal about the court's deviation from the sanction level assignment
guidelines. See Tex. Fam. Code Ann. § 59.014 (3) (Vernon Supp. 2002); see also In re C.C., 13 S.W.3d 854,
857 (Tex. App.-Austin 2000, no pet.). Therefore, we will only address appellant's contention that the evidence
was factually insufficient to support his placement outside his home.