NO. 12-03-00259-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
IN THE MATTER                                              §                 APPEAL FROM THE 
 
OF C.H.,                                                             §                 COUNTY COURT AT LAW
 
A JUVENILE                                                     §                 ANDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant C.H. appeals from a judgment of disposition, committing her to the Texas Youth
Commission. In her sole issue, C.H. asserts that she was denied a fair trial on disposition because
the progressive sanction guidelines were not properly considered. We affirm.
 
Background
            In C.H.’s adjudication hearing, a jury returned a verdict of “true.” The trial court found that
C.H. had engaged in delinquent conduct and adjourned the adjudication proceedings. Immediately
thereafter on July 9, 2003, the trial court held a disposition hearing. Charlotte Moore (“Moore”), the
director of juvenile services for Anderson County, testified that C.H. was at Progress Sanction Level
Five. Further, she recommended deviation from that sanction level, and that C.H. be committed to
the Texas Youth Commission (“TYC”). Moore recommended commitment to TYC because she was
unsure if there was anything else her department could do for C.H. Additionally, Moore detailed
C.H.’s history with the juvenile probation department, including opportunities for individual and
group substance abuse counseling and progress sanctioning counseling; probation; violation of
probation; modification of probation resulting in six months in boot camp with counseling;
inadequate supervision by her guardian; a history of theft, drug problems, skipping school and being
a runaway; and referrals of assaultive conduct. On cross-examination, Moore admitted that she was
unsure if C.H.’s correct progress sanction level was four. 
            Subsequently, in determining C.H.’s disposition, the trial court made written findings as
follows: that C.H. is in need of rehabilitation; that the public is in need of protection from C.H.; that
C.H. is in need of protection from herself; that C.H.’s best interest will be served by being placed
outside the home; that all reasonable efforts were made to prevent or eliminate the need for C.H.’s
removal from the home and to make it possible for her to return to the home; that C.H., in her home,
cannot be provided the quality of care and level of support and supervision that she needs to meet
the conditions of the probation; and that, at the present time, the best interests of C.H. and society
will be served by placing C.H. in the custody and control of TYC. In its oral ruling on disposition,
the trial court found that “there is good cause to deviate from the guidelines promulgated in the
Family Code.” Moreover, the trial court made written findings for deviating from those guidelines
as follows: that services available in a non-institutional setting have already been afforded C.H. with
unsatisfactory results; that C.H. has consistently rejected rehabilitation efforts and has persisted in
poor decision-making choices; and that sentencing guidelines promulgated for this offense do not
address the needs of C.H. for rehabilitation. Therefore, the trial court ordered that C.H. be
committed to the care, custody, and control of TYC.
 
Sentencing Guidelines
            C.H. complains that the trial court did not determine her correct sanction level. The record
does not show that the trial court determined C.H.’s sanction level. According to the Texas Family
Code, a juvenile court may, in a disposition hearing, assign a child a sanction level. Tex. Fam. Code
Ann. § 59.003(a) (Vernon 2002). However, the failure of a court to make a sanction level
assignment as provided in section 59.003 is not appealable. Tex. Fam. Code Ann. § 59.014(2)
(Vernon 2002); In re C.C., 13 S.W.3d 854, 858 (Tex. App.–Austin 2000, no pet.); In re K.L.C., 972
S.W.2d 203, 204 (Tex. App.–Beaumont 1998, no pet.). Therefore, this argument is without merit.
            Further, C.H. contends that the trial court did not properly consider the progressive sanction
guidelines when determining her disposition nor document its reasons for departing from those
guidelines. However, the State disagrees and asserts that the trial court considered the progressive
sanction guidelines as noted in oral and written findings of fact. In a juvenile case, a trial court has
broad discretion in determining the suitable disposition of a child who has been adjudicated to have
engaged in delinquent conduct. In re K.L.C., 972 S.W.2d at 206; In re A.S., 954 S.W.2d 855, 861
(Tex. App.–El Paso 1997, no pet.). Neither sanction level four or five imposes commitment to TYC
as a sanction. Tex. Fam. Code Ann. §§ 59.007, 59.008 (Vernon 2002). We note, however, that the
progressive sanction guidelines are not mandatory. In re C.C., 13 S.W.3d at 858. In fact, section
59.003(e) of the Texas Family Code states that “[n]othing in this chapter prohibits the imposition
of appropriate sanctions that are different from those provided at any sanction level.” Tex. Fam.
Code Ann. § 59.003(e).
            A juvenile court’s discretion in making an appropriate disposition is guided by section 54.04
of the Texas Family Code. In re A.S., 954 S.W.2d at 861. This section stipulates that no disposition
may be made “unless the child is in need of rehabilitation or the protection of the public or the child
requires that disposition be made.” Tex. Fam. Code Ann. § 54.04(c) (Vernon 2002). Further, if a
court commits a child to TYC, the court must find and state in its order that it is in the child’s best
interest to be placed outside the child’s home; that reasonable efforts were made to prevent or
eliminate the need for the child’s removal from the home and to make it possible for the child to
return to the child’s home; and that the child, in the child’s home, cannot be provided the quality of
care and level of support and supervision that the child needs to meet the conditions of probation. 
Tex. Fam. Code Ann. § 54.04(i); In re A.S., 954 S.W.2d at 861-62. 
            In this case, the director of juvenile services recommended deviation from the progressive
sanction guidelines, explained her reasons for the recommendation, and recounted C.H.’s history
with the juvenile probation department. In determining C.H.’s disposition, the trial court made
written findings in committing C.H. to TYC that complied with requirements of the Texas Family
Code. See Tex. Fam. Code Ann. § 54.04(c), (i). Further, the trial court made written findings
explaining its deviation from the progressive sanction guidelines. Because the trial court has broad
discretion in determining the disposition of C.H., had sufficient evidence to make such
determination, and complied with requirements for committing C.H. to TYC, the trial court properly
considered the progressive sanction guidelines and was within its discretion in deviating from those
guidelines. Accordingly, C.H.’s sole issue is overruled.
 
Conclusion
            Based upon our review of the record, we conclude that, in C.H.’s disposition hearing, the trial
court properly considered the progressive sanction guidelines. Therefore, the judgment of the trial
court is affirmed.
 
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered April 21, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.




















(PUBLISH)