

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00454-CV

IN THE MATTER OF L.F.R.

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant entered a plea of true to delinquent conduct—aggravated robbery; the trial court adjudicated him delinquent.[2] After a disposition hearing, the trial court ordered Appellant committed to the Texas Juvenile Justice Department (TJJD) for an indeterminate sentence. In a single issue, Appellant argues that the evidence is legally and factually insufficient to support the trial court's findings under Texas Family Code section 54.04(i)(1), subsections (A),

---

[1]*See* Tex. R. App. P. 47.4.

[2]Appellant does not appeal from the adjudication order.

(B), and (C). Subsection (B) requires the trial court to find, before committing a juvenile to TJJD, that reasonable efforts were made to prevent or eliminate the need for the juvenile's removal from the home and to make it possible for the juvenile to return to the juvenile's home. Tex. Fam. Code Ann. § 54.04(i)(1)(B) (West Supp. 2012). Although the trial court included the required statutory findings in its disposition order, the State concedes—and we agree—that there is no evidence in the record supporting a section 54.04(i)(1)(B) finding that reasonable efforts were made to prevent or eliminate the need for the juvenile's removal from the home and to make it possible for the juvenile to return to the juvenile's home. *See In re A.D.*, 287 S.W.3d 356, 367 (Tex. App.—Texarkana 2009, pet. denied) (holding that evidence did not support trial court's findings under section 54.04(i) and remanding for a new disposition hearing); *In re J.S.*, 993 S.W.2d 370, 374–75 (Tex. App.—San Antonio 1999, no pet.) (same); *In re K.L.C.*, 972 S.W.2d 203, 206–07 (Tex. App.—Beaumont 1998, no pet.) (same); *In re A.S.*, 954 S.W.2d 855, 862–63 (Tex. App.—El Paso 1997, no pet.) (same). We sustain Appellant's sole issue, reverse the trial court's disposition order, and remand the case to the trial court for a new disposition hearing. *See* Tex. Fam. Code Ann. § 56.01(i) (providing that appellate court may remand an order that it reverses for further proceedings by the trial court).

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

2

DELIVERED:  May 2, 2013